IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIMOTHY BROWN, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:13-CV-2843-D |
| VS. § | |
| § | |
| BANK OF AMERICA, N.A., § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiffs Timothy Brown and Sherice Brown ("the Browns") move to remand this removed action to Texas county court. The court denies the motion.

I

Defendant Bank of America, N.A. ("BOA") entered into a consent judgment ("Consent Judgment") with the Department of Justice and 49 states, including the State of Texas, on April 4, 2012. The Consent Judgment outlines procedures that BOA must follow in handling homeowner bankruptcies and foreclosures in the wake of the 2008 financial crisis. *See United States v. Bank of Am. Corp.*, 2012 WL 1440437 (D.D.C. Apr. 4, 2012).

It appears that, sometime in 2012, BOA initiated a forcible detainer action against the Browns in a Justice Court for Dallas County.[1] In that proceeding, BOA sought possession

---

[1]The parties have not submitted documents that detail the state-court proceedings. The court has taken judicial notice of the "Register of Actions." *See* Register of Actions, *Bank of Am. v. Brown*, No. CC-12-07369-D (County Ct. at Law No. 4, Dallas County, Tex., Jan. 4, 2013).

of the Browns' residence in DeSoto, Texas. A final judgment was entered in the Justice Court proceeding in December 2012, and appeal was taken to a Dallas County Court at Law under Tex. R. Civ. P. 510.9(a). In January 2013 the County Court at Law entered a judgment (the "Final Judgment") for BOA, granting BOA possession of the Browns' residence. The County Court at Law issued a writ of possession in favor of BOA in June 2013.

The Browns later filed in the County Court at Law the instant petition for "Equitable Bill of Review/Attack on Judgment" seeking relief from the Final Judgment. D. Not. Removal, Ex. A-2, at 1. Shortly thereafter, they filed an amended petition, alleging that BOA failed to abide by the terms of the Consent Judgment while negotiating a mortgage dispute with them and wrongfully foreclosed on their property, in violation of the Consent Judgment. The Browns request that the County Court at Law grant a temporary restraining order, that the Final Judgment be set aside, and that a new trial be granted. The Browns also request a permanent injunction hearing on the date of the hearing on the petition for a bill of review.

In support, the Browns assert that they thought their counsel had presented evidence concerning BOA's wrongdoing during the proceedings leading to the Final Judgment and were "wholly unaware" that BOA had obtained the Final Judgment in January 2013. 1st Am. Pet. 5. The Browns argue that their failure to present evidence or argument concerning BOA's alleged failure to comply with the Consent Judgment "was not due to any intentional act of fault or the result of negligence," *id.* at 4, but they do not allege that their failure was caused by a procedural irregularity, like improper notice or an improper entry of default judgment.

After BOA removed the case based on diversity of citizenship, the Browns moved to remand, contending that (1) "[t]his court does not have subject matter jurisdiction . . . because the case does not involve any federal question"; (2) the judge in the state action has ordered the parties to mediation and the Browns are willing to mediate their claims;[2] (3) "[e]ven though the parties are diverse, [BOA] is a local defendant"; and (4) "[t]his type of suit (wrongful foreclosure, bill of review, temporary restraining order) cannot be removed . . . . based on 28 U.S.C. § 1445(c)." Ps. Mot. Remand 3-4 (emphasis omitted).

II

"In general, defendants may remove a civil action if a federal court would have had original jurisdiction." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995) (citing 28 U.S.C. § 1441(a)). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States[.]" 28 U.S.C. § 1332(a)(1). "The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar*, 47 F.3d at 1408.

The are special considerations when a federal court is called upon to nullify the judgment of a state court. *See Barrow v. Hunton*, 99 U.S. 80, 82-83 (1878) (holding that

---

[2]The Browns maintain that the court lacks subject matter jurisdiction because there is no federal question presented. Their first argument also alleges that the court should abstain from exercising jurisdiction because the state court has ordered mediation. The court will separately address the Browns' arguments concerning federal question jurisdiction and the argument concerning mediation.

federal court lacked jurisdiction to rule in "proceeding to procure nullity" of a state court judgment); *Wuxi Taihu Tractor Co. v. York Group, Inc.*, 460 Fed. Appx. 357, 359 (5th Cir. 2012) (per curiam) (applying *Barrow* to case in which plaintiff sought bill of review in removed Texas court action). If the court is asked to overturn the prior state court judgment on the basis of procedural irregularities, and the litigant presents no new, substantive arguments, federal jurisdiction may be improper. But if a litigant posits new, substantive arguments, the federal court can exercise jurisdiction. *See Barrow*, 99 U.S. at 85 (contrasting "causes relat[ed] to form and those relat[ed] to the merits"); *Wuxi Taihu*, 460 Fed. Appx. at 359 (holding that case should be remanded because it dealt with procedural irregularities in state proceeding). Courts must distinguish between cases seeking a "revision of errors and irregularities, or of the legality and correctness of the judgments and decrees of the State courts" and those that constitute "a new case arising upon new facts, [which] although having relation to the validity of an actual judgment or decree, or of the party's right to claim any benefit by reason thereof," are nevertheless independent of the previous judgment. "The distinction between the two classes of cases may be somewhat nice, but it may be affirmed to exist." *Barrow*, 99 U.S. at 83.

III

A

BOA has demonstrated, and the Browns acknowledge, that they are citizens of Texas. BOA is a citizen of North Carolina because it is a national banking association with its main office located in that state. "[F]or purposes of federal-court diversity jurisdiction," "a

national bank . . . is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306, 307 (2006). The Supreme Court has expressly rejected the argument "that a national bank is . . . a citizen of every State in which it has established a branch." *Id.* at 307.

The Browns do not allege monetary damages. They do, however, assert that BOA has "foreclosed on a $3.4 million property and purchased the property for $720,000[,] significantly below its market value," and that "[t]he current tax value of the property is $1.4 million." 1st Am. Comp. 4. "In actions seeking . . . injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir. 2009) (per curiam) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *Kew v. Bank of Am., N.A.*, 2012 WL 1414978, at *3 (S.D. Tex. Apr. 23, 2012) (holding that amount in controversy when plaintiffs sought temporary restraining order to halt foreclosure was value of property in dispute); *Hayward v. Chase Home Fin., LLC*, 2011 WL 2881298, at *5 (N.D. Tex. July 8, 2012) (Fish, J.) (holding same in suit to quiet title).

BOA removed this case based on diversity jurisdiction and has established that the court has diversity jurisdiction. Because diversity jurisdiction is an independent basis for this court to exercise subject matter jurisdiction, it does not matter that the court lacks (assuming it does) federal question jurisdiction.

B

The Browns maintain that the court should remand the case because the county judge

ordered mediation and the Browns are willing to mediate. They do not cite any authority that warrants remanding the case on this basis.

C

The Browns posit that, although the parties are diverse, BOA is a local defendant. The court disagrees. As explained above, BOA's main office is in North Carolina. The fact that it has established branches in Texas is not controlling for purposes of determining diversity jurisdiction.

D

The Browns argue that 28 U.S.C. § 1445(c) forbids removal. This argument is frivolous. Section 1445(c) forbids the removal of actions "arising under the workmen's compensation laws of [a] State." Federal courts regularly exercise diversity jurisdiction over claims like those that the Browns assert. *See, e.g., Azzam v. Wells Fargo Bank, N.A.*, 2011 WL 149350 (S.D. Tex. Jan. 18, 2011).

IV

"A bill of review," like the one presented by the Browns in this removed action, "is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal." *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). In *Wuxi Taihu* the plaintiffs filed a bill of review in Texas state court, which the defendants attempted to remove to federal court. The plaintiff's arguments were based on "procedural irregularities" and "allege[d] no claim or defense that was not previously before the state court." *Wuxi Taihu*, 460 Fed. Appx. at 359. The Fifth Circuit

held that a bill of review alleging such irregularities could not be removed. *See id.* The Browns neither allege procedural irregularities in the previous state proceedings nor do they assert the same claims or defenses as before. The Browns do the opposite. They maintain that they thought their counsel was going to present their arguments in the previous proceeding, but because counsel failed to do so, they "[were] unable to present" them at that time. 1st Am. Pet. 5. Because the Browns' bill of review is not based on procedural irregularities, and because it presents legal arguments not presented during the earlier proceeding, the court holds that their bill of review is essentially "a new case arising upon new facts." *Barrow*, 99 U.S. at 83. "[A]lthough [it has] relation to the validity of an actual judgment or decree," *id.*, it is a separate case suitable for removal to a federal court.

\* \* \*

The Browns' motion to remand is denied.

**SO ORDERED**.

October 8, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE